IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 2 5 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

ROWDY KENT,　　　　　　　　§
　　　　　　　　　　　　　　§
　　　　Plaintiff,　　　　　§
　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　§　　NO. 4:16-CV-322-A
　　　　　　　　　　　　　　§
TRANS UNION, LLC, ET AL.,　§
　　　　　　　　　　　　　　§
　　　　Defendants.　　　　§

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, Defense Finance and Accounting Services ("DFAS"), to dismiss for lack of subject matter jurisdiction. Plaintiff, Rowdy Kent, has filed a response. Having reviewed the motion, the response, plaintiff's complaint, and applicable authorities, the court concludes that the motion should be denied.

I.

Plaintiff's Claims

Plaintiff initiated this action on May 5, 2016, asserting claims against Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and DFAS. The court dismissed plaintiff's claims against Trans Union and Equifax on November 4, 2016, after receiving notice that such claims had been settled.

Plaintiff's complaint contains the following factual allegations:

Since approximately May 2009, DFAS has been reporting to credit reporting agencies that:

    i.    Plaintiff owed a debt to DFAS (the "Debt");

    ii.   The account pertaining to the Debt was opened March 10, 2009;

    iii.  The balance on the Debt was $5,835;

    iv.   There was a past due balance on the Debt in the amount of $5,835; and,

    v.    The Debt was charged off on May 17, 2009.

Doc.[1] 1 at 3, ¶ 18.

On or about February 23, 2016, $32.00 was taken from plaintiff's federal income tax refund and applied as a payment toward the Debt. Subsequently, DFAS reported to credit reporting agencies that:

    i.    The last payment towards the Debt was made on February 23, 2016;

    ii.   DFAS received payment in the amount of $32.00;

    iii.  The balance on the Debt was $5,818;

    iv.   There was a past due balance on the Debt in the amount of $5,835;

    v.    Date of first delinquency was February 2016; and

    vi.  The Debt was charged off on March 20, 2016.

---

[1] The "Doc. _" references are to the number of the item on the docket in this action.

Id. at 4, ¶ 23.

Plaintiff claims that DFAS violated sections 1681n and 1681*o* of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA"), and seeks compensatory damages, $1,000.00 in statutory damages, punitive damages, and attorney's fees and costs.

II.

Grounds of the Motion

DFAS, a federal government agency within the Department of Defense, alleges that the court lacks subject matter jurisdiction over plaintiff's claims because the United States has not waived sovereign immunity for FCRA claims. Fed. R. Civ. P. 12(b)(1).

III.

Applicable Legal Principles

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (citations omitted). The court should grant a motion to dismiss pursuant to Rule 12(b)(1) "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Id. The court may dismiss a complaint for lack of subject matter jurisdiction upon consideration of "(1) the complaint alone; (2)

3

the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008) (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)). Upon a defendant's challenge to the court's subject matter jurisdiction, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

IV.

Analysis

"Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" United States v. Bormes, 568 U.S. 6, 9-10 (2012) (quoting United States v. Nordic Vill., Inc., 503 U.S. 30, 33 (1992)). Such consent must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires. Nordic Vill., 503 U.S. at 34 (citations omitted). A waiver of sovereign immunity cannot be implied or inferred. United States v. King, 395 U.S. 1, 4 (1969).

The FCRA imposes civil liability on any "person" who willfully or negligently fails to comply with its requirements.

4

15 U.S.C. § 1681n(a), 1681o(a). The FCRA defines a "person" to mean "any individual, partnership, corporation, trust, estate, cooperative, associate, *government or governmental subdivision or agency*, or other entity." 15 U.S.C. §1681a(b) (emphasis added).

The United States Court of Appeals for the Seventh Circuit, the first and apparently only appellate court to decide whether § 1681a(b) waives the United States' immunity from damages for violations of the FCRA, concluded in Bormes v. United States that it did.[2] 759 F.3d 793, 797 (7th Cir. 2014). The Seventh Circuit reasoned that:

> The United States is a government. One would suppose that the end of the inquiry. By authorizing monetary relief against *every* kind of government, the United States has waived its sovereign immunity. And so we conclude.

Id. at 795 (emphasis original).

Here, DFAS raises similar arguments to those the government raised in Bormes, all of which this court finds unpersuasive. The court similarly finds unpersuasive the five cases cited by DFAS that predate Bormes and come from district courts outside the jurisdiction of the Fifth Circuit.[3] Accordingly, the court

---

[2] The case had been remanded and transferred to the Seventh Circuit from the Supreme Court, which instructed the Seventh Circuit to consider "whether FCRA itself waives the Federal Government's immunity to damages under § 1681n." United States v. Bormes, 568 U.S. 6, 16 (2012).

[3] Echols v. Morpho Detection, Inc., 2013 WL 752629, at *4 (N.D. Cal. Feb. 27, 2013); Stellick v. U.S. Dep't of Educ., 2013 WL 673856, at *4-5 (D. Minn. Feb. 25, 2013); Taylor v. United States, 2011
(continued...)

reaches the same conclusion as the Seventh Circuit: section 1681a(b) unequivocally waives the United States' sovereign immunity from damages for violations of the FCRA.

This holding is consistent with the memorandum opinion in Ingram v. Experian Information Solutions, Inc., in which the United States District Court for the Northern District of Mississippi, Oxford Division, also held that the FCRA contains an unequivocal waiver of the United States' sovereign immunity. 2017 WL 2507694, at *3 (N.D. Miss. June 9, 2017). After noting that it was "persuaded by the Seventh Circuit's analysis [in Bormes] on its own," id. at *2, the district court in Ingram predicted that the Fifth Circuit, if presented with the issue, likely would reach the same conclusion. Such prediction was based on the Fifth Circuit's ruling in Moore v. U.S. Department of Agriculture, which held that the Equal Credit Opportunity Act ("ECOA") contained a waiver of the United States' sovereign immunity. 55 F.3d 991, 994 (5th Cir. 1995). The Ingram court noted that, like the FCRA, the ECOA defined "person" to include any "government or governmental subdivision or agency." Ingram, 2017 WL 2507694, at * 3. And, the Ingram court observed that the ECOA, like the FCRA,

---

[3](...continued)
WL 1843286, at *5 (D. Ariz. May 16, 2011); Gillert v. U.S. De't of Educ., 2010 WL 3582945, at *4 (W.D. Ark. Sept. 7, 2010); Ralph v. U.S. Air Force MGIB, 2007 WL 3232593, at *3 (D. Colo. Oct. 31, 2007).

did not contain an explicit preservation of immunity, unlike another similar statute, the Truth in Lending Act. Id. Adopting the same reasoning as the district court in Ingram, this court finds it likely that the Fifth Circuit would hold that the FCRA contains a waiver of the United States' sovereign immunity.

V.

Order

Therefore,

The court orders that defendant's motion to dismiss be, and is hereby, denied.

SIGNED August 25, 2017.

_____
JOHN McBRYDE
United States District Judge